UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEREK BURRIS, | ) CASE NO. 4:20-cv-229 |
| | ) |
| PETITIONER, | ) JUDGE SARA LIOI |
| | ) |
| | ) MEMORANDUM OPINION AND |
| vs. | ) ORDER |
| | ) |
| MARK WILLIAMS, WARDEN, | ) |
| | ) |
| RESPONDENT. | ) |

*Pro se* petitioner Derek Burris ("Burris" or "petitioner") filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently incarcerated in Elkton Federal Correctional Institution ("FCI Elkton"), however the incident in question took place while he was incarcerated in the United States Penitentiary in Marion, Illinois ("USP Marion"). Burris challenges a disciplinary hearing at USP Marion that resulted in the loss of good time credit, claiming he was denied due process. He seeks a new disciplinary hearing and restoration of his good time credits.

**I.     Background**

On September 18, 2018, a USP Marion corrections officer was searching the common area of the cubicles housing Burris and inmate Courter. Burris was sitting his desk. The officer confirmed with Burrsi that the desk was assigned to him and the foot locker attached to the desk was also his property. The officer then noticed the bookshelf attached to the desk and footlocker

appeared to be detached at the back. The officer removed the back of the bookshelf and discovered a black Apple iPhone, a charger, and ear buds. The officer wrote an incident report charging Burris with possession of a hazardous tool (cellphone).

Burris was provided a copy of the incident report on September 18, 2018. His counselor notified him of his rights at the hearing on September 19, 2018. Burris offered the defense that the cellphone was found in a common area and was not his. He stated he wanted to call inmate Courter as a witness. The Disciplinary Hearing Officer ("DHO") indicated on the report, however, that Courter declined to testify. The hearing was conducted on October 16, 2018. Based on the testimony of the officer, the location of the phone, petitioner's admission that the desk and the footlocker were assigned to him and the photographs taken of the cellphone, the DHO found Burris guilty of the charges, and sanctioned him to loss of privileges and loss of 41 days of good time credit.

Burris appealed that decision to the Bureau of Prisons Regional Director. He indicated in his appeal that inmate Courter did not refuse to testify but was never called to testify by the DHO. Burris attached a statement from Courter to support his assertion. Based on this representation, the Regional Director overturned the finding of guilt and instructed the DHO to conduct a new hearing.

Petitioner's counselor reminded him of his rights at the hearing on March 28, 2019. Once again, Burris indicated he wanted to call inmate Courter as a witness. Courter refused to testify, stating he had declined to testify the first time and did not read the statement petitioner had given him on appeal prior to signing it. Courter stated the cellphone was found in petitioner's area.

2

A second disciplinary hearing was conducted on March 28, 2019. Burris continued to deny ownership of the cellphone, indicating that it was found in a common area. Relying on the testimony of the corrections officer, the petitioner's admission to his assignment of the desk and the footlocker, and the photographs, the DHO again found Burris guilty of the charge.

Burris appealed these decisions to the Regional Director and to the National Inmate Appeals Administrator. Both of them denied his appeal.

Burris has now filed this habeas action under 28 U.S.C. § 2241 claiming he was denied due process. Specifically, he contends that the cellphone was found in a common area and could not be linked to him exclusively. Burris asserts that this does not meet the "some evidence" standard needed to satisfy basic due process. He seeks a new hearing and restoration of his lost good time credits.

## II.    Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Burris is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition

as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## IV.    Analysis

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Mass. Corr. Inst. at Wolpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, although Burris attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing. He received a written notice of the charges at least 24 hours prior to any hearing. He had the opportunity to call witnesses and present documentary evidence in his defense. His witness declined to testify and, in fact, indicated the cellphone was found in petitioner's part of the common area. The DHO provided Burris with a written statement that detailed the evidence the DHO relied on to make its decision and the reasons for the disciplinary action. Moreover, there is some evidence to support the finding of guilt. While there is not conclusive proof that the cellphone belonged to Burris, there is some evidence to suggest it was his phone, including the location in which it was found, and petitioner's admission that the pieces of furniture in which it had been concealed belonged to him. Burris has not sufficiently demonstrated he was denied due process.

5

## V. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 10, 2020

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**